UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID NEIMAN, as Guardian for the Person
and Property of CHAYA S. NEIMAN,                    16 Civ. 7713 (PED)

                              Plaintiffs,          COMPROMISE ORDER
                                                             PURSUANT TO LOCAL CIVIL
  -v-                                                 RULE 832D

UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------X

Upon reading and the filing of the Petition of **DAVID NEIMAN**, as Guardian for the Person and Property of **CHAYA S. NEIMAN**, an Incapacitated Person pursuant to Article 81 of the Mental Hygiene Law, duly verified and acknowledged on February 8, 2021; the Affirmation of **DAVID A. KATES**, dated February 9, 2021 and **CHAYA S. NEIMAN** now being 44 years of age; and upon all the papers, pleadings and proceedings heretofore had herein, and it appearing that the best interests of the incompetent will be served by compromising the action in the total amount of **TWO MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($2,500,000.00)**; and

NOW, on the motion of **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP.**, attorneys for the plaintiffs herein, it is hereby,

**ORDERED**, that this matter is settled for the total sum of **TWO MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($2,500,000.00)**, against defendant **UNITED STATES OF AMERICA**; and it is further

**ORDERED**, that the total settlement of **TWO MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($2,500,000.00)** be paid by the defendant under the Order of Compromise, and be allocated as follows:

1

(a) **$1,000,000.00** for the benefit of **CHAYA S. NEIMAN**, an Incapacitated Person be paid to the annuity specified in the attached Stipulation of Settlement;

(b) **$875, 000.00** for the benefit of **DAVID NEIMAN**, individually.

(c) The parties agree that any attorneys' fees owed by plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. §2678. The parties further agree that any such attorneys' fees along with plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the upfront cash. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any Court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. §2678.

The sum of **SIX HUNDRED TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($625,000.00)** be allowed and made payable from the settlement proceeds to **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP**, as full payment for their fees for professional services rendered to Plaintiff **DAVID NEIMAN** herein, and expenditures made on Plaintiffs' behalf;

**ORDERED**, that **DAVID NEIMAN**, as Guardian for the Person and Property of **CHAYA S. NEIMAN**, an Incapacitated Person, be and hereby is authorized to execute and deliver releases and any and all papers necessary to effectuate such settlement and collect such monies herein, and it is further

**ORDERED**, that upon full payment of all of the aforesaid amounts, defendant shall have no further liability herein; and it is further

**ORDERED**, that upon compliance with the terms of this Order, plaintiffs' attorneys are authorized to execute, deliver, and file a stipulation of discontinuance; and it is further

**ORDERED**, that **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLC**, shall continue to serve as attorneys for **DAVID NEIMAN**, as Guardian for the Person and Property of **CHAYA S. NEIMAN**, an Incapacitated Person, until the final disposition of the settlement funds.

E N T E R

_____
~~J.S.C.~~  Paul E. Davison, USMJ

2/12/21

3